1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF ARIZONA**

10

11  **Robin L. Poehler,**                              )

12              **Plaintiff,**                          )        **2:15-cv-01161 JWS**

13        **vs.**                                       )        **ORDER AND OPINION**

14  **Debra Fenwick; Cleaning**                         )        **[Re: Motion at Docket 8]**
    **Solution Service LLC,**                           )

15                                                      )

16              **Defendants.**                         )
    _____                )

17  **Cleaning Solution Service LLC;**                  )
    **Debra Fenwick,**                                  )

18                                                      )
            **Counter-Claimant,**                       )

19                                                      )
        **vs.**                                         )

20                                                      )
    **Robin L. Poehler,**                               )

21                                                      )

22              **Counter-Defendant.**                  )
    _____                )

23                        **I.  MOTION PRESENTED**

24        At docket 8, Plaintiff and Counter Defendant Robin Poehler ("Plaintiff" or

25  "Poehler") filed a motion to dismiss the counterclaims against her brought by Defendant

26  and Counter-Claimants Cleaning Solution Service LLC ("CSS") and Debra Fenwick

27  ("Fenwick"; collectively, "Defendants").  She argues that the court should dismiss the

28  counterclaims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or,

1   alternatively, pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be
2   granted.  Defendants' response is at docket 13.  Plaintiff's reply is at docket 14.  Plaintiff
3   requested oral argument, but it would not be of additional assistance to the court.

4                                    **II.  BACKGROUND**

5          Poehler is a former employee of CSS.  She worked as a cleaner with CSS from
6   May 2013 through April 2014.  She filed a lawsuit against CSS and Fenwick in May
7   2015 for violations of the Fair Labor Standards Act ("FLSA")[1] and Arizona's minimum
8   wage law[2] based on her allegations that she was not paid for overtime and that
9   Defendants made illegal deductions of pay and hours worked that caused her
10  compensation to fall below minimum wage.  After the case was removed to federal
11  court, Defendants filed counterclaims against Poehler for breach of contract and breach
12  of fiduciary duty.  Poehler argues that these state law counterclaims are not sufficiently
13  related to her wage claims to allow the court to exercise supplemental jurisdiction over
14  them pursuant to 28 U.S.C. § 1367(a), or, alternatively, she argues the court should
15  decline to exercise supplemental jurisdiction over the counterclaims under §1367(c)(4).
16  She also argues that if the court were to disagree with her, dismissal is nonetheless
17  appropriate because Defendants' counterclaims were not filed on time and were not
18  adequately pled.

19                             **III.  STANDARD OF REVIEW**

20         Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an
21  action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to
22  dismiss, the plaintiff has the burden of proving jurisdiction.[3]  Where the defendant brings
23  a facial attack on the subject matter of the district court, the court assumes the factual
24  allegations in the plaintiff's complaint are true and draws all reasonable inferences in the

25  _____

26         [1]29 U.S.C. §§ 206, 207.

27         [2]Ariz. Rev. Stat. § 23-363.

28         [3]*Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

1  plaintiff's favor.[4]   The court does not, however, accept the truth of legal conclusions cast

2  in the form of factual allegations.[5]

3  **IV.  DISCUSSION**

4          The parties agree that Defendants' counterclaims are state law claims and are

5  permissive, not compulsory, under Rule 13 of the Federal Rules of Civil Procedure.

6  That is, Defendants concede that their counterclaims for breach of contract and breach

7  of fiduciary duty do not arise out of the same transaction or occurrence as Plaintiff's

8  wage claims[6] and that there is no independent basis for the court's jurisdiction over

9  such claims.[7]   Where there is no independent basis for jurisdiction over a permissive

10  counterclaim, the court may nonetheless exercise supplemental jurisdiction over such

11  claim pursuant to 28 U.S.C. § 1367(a).

12         Under §1367(a) the "court shall have supplemental jurisdiction over all other

13  claims that are so related to [the federal claims] that they form part of the same case or

14  controversy under Article III."[8]   Non-federal claims are part of the same case or

15  controversy as federal claims when they "derive from a common nucleus of operative

16  fact."[9]   Plaintiff argues that Defendants' counterclaims do not have any relationship to

17  _____

18        [4]*Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

19        [5]*Id.*

20        [6]"A pleading must state as a counterclaim any claim that–at the time of its service–the
21  pleader has against an opposing party if the claim: (A) arises out of the transaction or
     occurrence that is the subject matter of the opposing party's claim; and (B) does not require
22  adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P.
     Rule 13(a)(1).
23

24        [7]*Otsuka v. Polo Ralph Lauren Corp.*, No. C-07-02780, 2008 WL 2037621, at * 3 (N.D.
     Cal. May 12, 2008) ("Permissive counterclaims require an independent basis for subject matter
25  jurisdiction.").

26        [8]28 U.S.C. §1367(a); *see also Trs. of Constr. Indus. & Laborers Health & Welfare Trust
     v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)
27

28        [9]*Desert Valley*, 333 F.3d at 925 (quoting *Finley v. United States*, 490 U.S. 545, 549
     (1989)) (internal quotations omitted).

the hours she worked or the wages or overtime compensation she was paid and therefore are not part of the same common nucleus of operative fact.  Defendants argue the two sets of claims have the requisite common nucleus because they both stem from "alleged monies owed to one another for one another's conduct during employment" and they both require common witnesses.[10]

The court agrees with Plaintiff and concludes that Defendants' counterclaims should be dismissed for lack of subject matter jurisdiction because they do not have a common nucleus of operative fact with Plaintiff's FLSA claim.  The allegations in Defendants' counterclaims involve Plaintiff's allegedly wrongful competition with CSS, while Plaintiff's federal wage claims concern whether Defendants failed to pay overtime and minimum wages as required under FLSA.  The two sets of claims clearly do not share a factual basis; that is, they are not "alternative theories of recovery for the same acts."[11]  The only connection between Defendants' contract claims and Plaintiff's FLSA claims is the existence of an employment relationship.  Indeed, other federal courts considering the issue have concluded that the mere existence of an employment relationship between plaintiffs and defendants were insufficient to establish supplemental jurisdiction over defendants' counterclaims that have nothing to do with the underlying wage claims.[12]

Defendants argue that the court should exercise supplemental jurisdiction in the interest of judicial economy, convenience, and fairness.  They stress that their "only recourse against Plaintiff for her breach of fiduciary duty and breach of contract at this point would be bringing Defendants' [c]ounterclaims as a set off or recoupment"

[10]Doc. 13 at p. 8.

[11]*Lyons v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995).

[12]*Id.*; *see also Otsuka*, 2008 WL 2037621, at *3; *Palmer v. Franks*, No. CV-14-2414, 2015 WL 5561299, at * 2 (D. Ariz. Sept. 22, 2015); *Casas v. Brightwater Int'l, Inc.*, No. CV-10-7235, 2011 WL 486564, at * 3 (C.D. Cal. Feb. 1, 2011); *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 468 (S.D.N.Y. 2008); *Wilhelm v. TLC Lawn Care, Inc.*, No. CV-07-2465, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008).

-4-

because the applicable statute of limitations on their state law claims has run.[13]  As noted by Plaintiff, however, such concerns do not "negate the [c]ourt's additional obligation to ensure the existence of a common nexus."[14]  Moreover, the statute of limitations ran out through no fault of anyone but Defendants.[15]

Even if the employment nexus is sufficient to confer jurisdiction, the court concludes that there are compelling reasons to decline supplemental jurisdiction under §1367(c)(4) in this FLSA case.  Federal FLSA policy presents a compelling reason for the court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims. As noted by the Fifth Circuit, "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards.  To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."[16]

## V.  CONCLUSION

Based on the preceding discussion, Plaintiff's motion at Docket 8 to dismiss Defendants' counterclaims is GRANTED.

DATED this 19th day of November 2015.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[13]Doc. 13 at p. 8.

[14]Doc. 14 at p. 6.

[15]Defendants' counterclaims are not appropriate for set-off or recoupment in any event because, as admitted by defendant, their claims do not arise out of the same transaction as the wage claims.  *See Unispec Dev. Corp. v. Hardwood K. Smith & Partners*, 124 F.R.D. 211, 214 (D. Ariz. 1988) (noting that "[r]ecoupment is a reduction by the defendant of a part of plaintiff's claim because of a right in the defendant arising out of the same transaction.").

[16]*See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Martin v. Pepsiamericas, Inc.*, 628 F.3d 738 (5th Cir. 2010) (affirming *Heard's* longstanding prohibition of set-offs claims in FLSA cases).

-5-