# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Robin L. Poehler, | |
| Plaintiff, | 2:15-cv-01161 JWS |
| vs. | ORDER AND OPINION |
| Debra Fenwick; Cleaning Solution Service LLC, | |
| | [Re: Motion at Docket 15] |
| Defendants. | |

## I. MOTION PRESENTED

At docket 15, Plaintiff Robin Poehler ("Plaintiff" or "Poehler") filed a motion to conditionally certify her Fair Labor Standards Act collective action. Defendants Cleaning Solution Service LLC ("CSS") and Debra Fenwick ("Fenwick"; collectively, "Defendants") respond at docket 20. Plaintiff replies at docket 21. Neither party requested oral argument, and it would not be of additional assistance to the court.

## II. BACKGROUND

Poehler is a former employee of CSS. She worked as a cleaner with CSS from May 2013 through April 2014. She filed a lawsuit against CSS and Fenwick in May 2015 for violations of the Fair Labor Standards Act ("FLSA")[1] and Arizona's minimum

---

[1] 29 U.S.C. §§ 206, 207.

1  wage law² based on her allegations that she was not paid for overtime and that
2  Defendants made illegal deductions of pay and hours worked that caused her
3  compensation to fall below minimum wage.  After the case was removed to federal
4  court, Defendants filed counterclaims against Poehler for breach of contract and breach
5  of fiduciary duty.  The court dismissed those claims for lack of subject matter
6  jurisdiction.³  Plaintiff now asks the court to conditionally certify her FLSA minimum
7  wage claim against Defendants as a collective action under section 16(b) of the FLSA
8  on behalf of other "similarly situated" employees.⁴  While Plaintiff raises a separate
9  individual claim under Arizona's minimum wage law and the FLSA's overtime
10 provisions, she is only pursuing collective action certification for her FLSA minimum
11 wage claim.

### III.  STANDARD OF REVIEW

The FLSA authorizes an employee to bring a collective action on behalf of "similarly situated" employees.⁵  The FLSA requires that each employee opt-in to the collective action by filing a consent to sue with the court.⁶  "In order to make certain that potential collective class members are notified of the action and their right to take part, the courts may authorize the issuance of notice by the named plaintiffs in an FLSA

---

²Ariz. Rev. Stat. § 23-363.

³Doc. 25.

⁴29 U.S.C. § 216(b).

⁵Id.

⁶Id.

action to all other putative class members."[7]  The decision to certify the class and issue the notice is within the discretion of the court.[8]

The issue presented in a motion to certify is whether Plaintiff and the proposed class members are "similarly situated" under the FLSA.  What constitutes "similarly situated" employees is not defined in the statute, and the Ninth Circuit has not construed the term for purposes of FLSA class certification.[9]  District courts in the Ninth Circuit, however, including this district, generally follow a two-step approach when making such a determination.  First, the court makes a preliminary "notice stage" determination of whether the plaintiff and the putative class members are similarly situated.[10] At the notice stage, "the court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"[11]

Plaintiff's burden at the notice stage is "light."[12]  Indeed, given the easy burden, motions to conditionally certify are usually granted.[13]  "The evidence must only show that there is some 'factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice.'"[14]  The evidence considered during the notice stage is "'based primarily on the pleadings and

---

[7]*Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011).

[8]*Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (2010).

[9]*Id.*

[10]*Id.*

[11]*Id.* (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

[12]*Colson v. Avnet, Inc.*, 687 F. Supp. 2d at 925.

[13]*Id.*

[14]*Id.* at 926 (quoting *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1138 (D. Nev. 1999)).

any affidavits submitted by the parties.'"[15] The court does not resolve factual disputes or review the merits of the action.[16]

If the plaintiff meets its burden at the notice stage, the court will conditionally certify the class and will authorize notification so that the potential class members can join the lawsuit. Once the notification period ends and after discovery has produced more information regarding the nature of the claims, the defendant can move for decertification, and the court can reexamine whether the class members are similarly situated using a more stringent standard.[17]

## IV. DISCUSSION

Plaintiff seeks conditional certification of a class consisting of "[a]ll current and former cleaning crew members and cleaning crew supervisors employed by Defendants . . . in Arizona, at any point from May 22, 2013 through the present date." In support of her request, Plaintiff has relied on her complaint and Defendants' answer, Defendants' employee manual from 2011 and 2013, and an affidavit. Based on these materials, the court concludes that Plaintiff has met her light burden of showing that the potential member of the class are similarly situated to her. The pleadings show that during her time working for Defendants she held a position as a cleaning crew member and a cleaning crew supervisor. The pleadings, affidavit, and manual show that there was very minimal differences between a cleaning crew member and cleaning crew

---

[15]*Foschi v. Pennella*, No. 14-cv-01253, 2014 WL 6908862, at *3 (D. Ariz. Dec. 9, 2014) (quoting *Hutton v. Bank of Am.*, No. 03-cv-2262, 2007 WL 5307976 (D. Ariz. Mar. 31, 2007).

[16]*Colson*, 687 F. Supp. 2d at 926. As part of Defendants' opposition to Plaintiff's request, they ask that the court hold an evidentiary hearing before making any determination. Defendants provide no support in this circuit for the proposition that an evidentiary hearing is needed. As noted above, courts make their notice-stage determination based primarily on the pleadings and affidavits submitted. Moreover, the case Defendants cite, *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996), is an Eleventh Circuit case and only stands for the proposition that the court *may* hold a hearing. *Id.* at 1099.

[17]*Colson*, 687 F. Supp. 2d at 925; *Schiller v. Rite of Passage, Inc.*, No. 13-cv-0576, 2014 WL 644565, at *3 (D. Ariz. Feb. 19, 2014).

supervisor, with the supervisor performing the same cleaning tasks but with additional responsibilities such as driving and quality control.[18]  Indeed, Defendants admit that all cleaning employees were subject to the same policies and practices set forth in the employee manual, which forms the basis of Plaintiff's minimum wage complaint.[19] Specifically, Defendants acknowledge that all employees were subject to the pay deductions outlined in the manual.

Defendants argue that their cleaning employees cannot be similarly situated to each other because "employees perform their actual cleaning services at various commercial and residential clients all over the Phoenix metropolitan area rendering each job notably different from the next."[20]  Similarly, Defendants stress that cleaning crew supervisors are not similarly situated to cleaning crew members because they have more job responsibilities.  Defendants' positions are unavailing, because identical job descriptions and tasks are not required for conditional certification.[21]  Rather, as noted above, the essential factor in the "similarly situated" analysis at this first stage is whether the Plaintiff has sufficiently alleged that members of the putative class were all subject to an illegal policy or practice.  Plaintiff has clearly done so here.

Defendants also set forth some objections to the specifics of Plaintiff's proposed notice.  They request that the proposed putative class be further limited by date. Defendants stress that the employee manual, which is the subject of Plaintiff's complaint, was formally rescinded as of May 22, 2015, and thus the class should not include employees that started working after that time.  However, as noted above, this

---

[18]Doc. 1-1 at ¶¶ 17-18; Doc. 4 at ¶¶ 17-18.

[19]*See, e.g.*, Doc. 4 at ¶¶ 39, 40, 41, 42, 57, 59, 61, 62, 63.

[20]Doc. 20 at p. 7.

[21]See *Foschi*, 2014 WL 6908862, at * 5 (noting that at the first stage of the certification process, a plaintiff does not have to show that all class members have identical employment circumstances); *Taylor v. AutoZone Inc.*, No. 10-cv-8125, 2014 WL 5843522, at *1 (D. Ariz. Nov. 10, 2014) (noting that class members do not have to hold identical jobs").

court does not resolve issues of fact at this initial notice stage. Plaintiff has not had an opportunity to test the veracity of Defendants' assertion that they stopped relying on the employee manual and to discover whether the practices complained of have ceased.

Defendants also propose that a third-party administrator be used to send notice and receive consent forms. As noted by Plaintiff, however, there is no compelling reason articulated by Defendants as to why a third-party administrator would be beneficial here.[22] They also argue that the notice should be sent via mail only and not be posted at Defendants' office. Indeed, first class mail is typically "the best practicable method of notice,"[23] but the court sees no reason to prohibit posting of the notice at Defendants' principal office where employees clock in and out.[24] As argued by Plaintiff, using "both methods can only serve to improve the prospect that those affected will learn of this lawsuit and their potential to opt-in and join in seeking a remedy."[25] Defendants also request that the court reduce the response time from sixty days to forty-five days. The court declines to do so.

Lastly, Defendants object to the statement of their position in Section II of the proposed notice. They ask that it be changed to read as follows: "Defendants deny that they violated the FLSA and claim that all employees were paid properly under the FLSA."[26] Plaintiff does not oppose such a change.

---

[22] *See Hensley v. Eppendorf N. Am., Inc.*, 14-cv-419, 2014 WL 2566144, at *9 (S.D. Cal. June 5, 2014) ("Requiring a third-party administrator to send notice would likely complicate the notice process and generate additional expenses.").

[23] *Hart v. U.S. Bank NA*, No. 12-cv-2471, 2013 WL 5965637, at * 6 (D. Ariz. Nov. 8, 2013).

[24] *Juvera v. Salcido*, 294 F.R.D. 516, 524 (D. Ariz. 2013) (authorizing Plaintiffs to mail and post the proposed notice).

[25] Doc. 21 at p. 11.

[26] Doc. 20 at p. 13.

## V. CONCLUSION

Based on the preceding discussion, Plaintiff's motion at Docket 15 to conditionally certify collection action of Plaintiff's FLSA minimum wage claim pursuant to 29 U.S.C. § 216(b) is GRANTED. The collective certified action is certified with respect to the following class:

> All current or former cleaning crew members and cleaning crew supervisors employed by Defendants, Debra Fenwick and/or The Cleaning Solution Service, LLC, in Arizona, at any point from May 22, 2013, through the present date.

Plaintiff's notice and consent forms attached as Exhibit A to the motion are approved, except that in Section II of the notice Defendants' position should be revised to read as follows: "Defendants deny that they violated the FLSA and claim that all employees were paid properly under the FLSA."

Within 14 days of this order Defendants are directed to provide Plaintiff with the names and last known addresses of potential class members. Plaintiff shall then mail the revised notice and consent form to potential class members. Defendants are further directed to post within 14 days of this order the revised notice at their office in Phoenix, Arizona, in a like manner and location as other legally-mandated notices are posted. The revised notice must remain posted for 60 days.

DATED this 18th day of December 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE