# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Robin L. Poehler, | |
| Plaintiff, | 2:15-cv-01161 JWS |
| vs. | ORDER AND OPINION |
| Debra Fenwick; Cleaning Solution Service LLC, | |
| | [Re: Motion at Docket 32] |
| Defendants. | |
| Cleaning Solution Service LLC; Debra Fenwick, | |
| Counter Claimant, | |
| vs. | |
| Robin L. Poehler, | |
| Counter Defendant. | |

## I. MOTION PRESENTED

At docket 25, the court dismissed counterclaims for breach of contract and breach of fiduciary duty brought by Defendant and Counter Claimants Cleaning Solution Service LLC ("CSS") and Debra Fenwick ("Fenwick"; collectively, "Defendants") for lack of subject matter jurisdiction. At docket 32, Plaintiff and Counter Defendant Robin Poehler ("Plaintiff" or "Poehler") requests attorneys' fees and costs incurred in

bringing the motion to dismiss and defending against the counterclaims. Defendants respond at docket 39. Plaintiff replies at docket 45. Oral argument was not requested and would not be of additional assistance to the court.

## II.  BACKGROUND

Poehler is a former employee of CSS. She worked as a cleaner with CSS from May 2013 through April 2014. She filed a lawsuit against CSS and Fenwick in May 2015 for violations of the Fair Labor Standards Act ("FLSA")[1] and Arizona's minimum wage law[2] based on her allegations that she was not paid for overtime and that Defendants made illegal deductions of pay and hours worked that caused her compensation to fall below minimum wage. After the case was removed to federal court, Defendants filed counterclaims against Poehler for breach of contract and breach of fiduciary duty. Poehler filed a motion to dismiss pursuant to Rule 12(b)(1). The court granted the motion, concluding that the state law counterclaims were not sufficiently related to Poehler's wage claims to allow the court to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a). Poehler now asks for attorneys' fees and costs associated with the litigation of the counterclaims, arguing that fees and costs are permissible under state law authorizing attorneys' fees to the "successful party" in a contract action, A.R.S. § 12-341.01(A), or, alternatively, under state and federal wage laws. Her wage claims are still pending in federal court, and a settlement conference as to the remaining claims is scheduled for the end of April.

## III.  DISCUSSION

To start, the court is not persuaded to find that attorneys' fees should be awarded to Plaintiff pursuant to the FLSA or Arizona's Minimum Wage Act for successfully defending against Defendants' state law counterclaims that were found to be unrelated to Plaintiff's underlying FLSA and state wage claims. As noted by the

---

[1] 29 U.S.C. §§ 206, 207.

[2] Ariz. Rev. Stat. § 23-363.

court in its dismissal order at docket 25, Defendants' contract counterclaims were not part of the same case or controversy as Plaintiff's wage claims, and thus the state and federal wage statutes do not provide the basis for awarding fees. Plaintiff does not cite a case where attorneys' fees were awarded under FLSA for the dismissal of an unrelated contract counterclaim for lack of subject matter jurisdiction nor could the court locate one. Moreover, Defendants assert that FLSA does not apply to them and, therefore attorneys' fees cannot be awarded to Plaintiff under that statute. The court declines to address an issue that runs to the merits of Plaintiff's underlying FLSA wage claim on a motion for attorneys' fees.

Plaintiff's motion for attorneys' fees therefore depends on whether she is entitled to recover fees under state law for the dismissal of Defendants' contract counterclaims. Federal law governs attorneys' fees in federal question cases, and under federal law, absent an express statutory command, attorneys fees are not awarded in civil litigation.[3] However, in federal cases where the controlling substantive law is state law, such as in diversity cases or as to claims where the court is exercising supplemental jurisdiction, attorneys' fees can be awarded under state law.[4] Arizona law, A.R.S. §12-341.01(A), permits an award of attorneys' fee to the "successful party" in a contract action.

While Defendants' counterclaims were premised on state contract law and while state law permits attorneys' fees in contract cases, the court nonetheless concludes that the Plaintiff is not entitled to attorneys' fees for the dismissal of the counterclaims in the situation presented here. The court determined that it did not have jurisdiction over the counterclaims. When a court lacks jurisdiction over an action at the outset, it lacks

---

[3]*See Disability Law Center of Alaska v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009) ("In a pure federal question case brought in federal court, federal law governs attorney fees"); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 420 U.S. 240, 269-71 (1975) (noting that the American Rule, where each side pays its own attorneys' fees, is generally applicable in federal litigation).

[4]*See Disability Law Center of Alaska,* 581 F.3d at 941.

the authority to award attorneys' fees.[5] This is not a case where the court had supplemental jurisdiction over Defendants' state law counterclaims but declined such jurisdiction;[6] it never had jurisdiction over the claims because it concluded that the counterclaims were not part of the same case or controversy as Plaintiff's wage claims. Moreover, the court's decision was entirely based on the federal law of supplemental jurisdiction, and it did not resolve any dispute respecting substantive or procedural state law. The court concludes that in such circumstances, where dismissal is dictated entirely by federal law, it would be inappropriate to award attorneys' fees to Plaintiff based on the application of state law. To hold otherwise would substitute Arizona's law allowing the recovery of fees from the successful party for the federal common law which makes no provision for the recovery of fees.[7]

The court also concludes that Plaintiff is not entitled to costs under Rule 54(d). In *Miles v. California*,[8] the Ninth Circuit explained that when a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party for purposes of receiving costs under Rule 54(d)(1). While in such circumstances "just costs" may be

---

[5]See *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007); *see also Russell City Energy Co., LLC v. City of Howard*, 2015 WL 983858 (N.D. Cal. Feb. 15, 2015) (applying *Skaff* and discussing contradictory Ninth Circuit precedent *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000), as non-binding authority and noting that a number of district court's have declined to apply *Kona*).

[6]*See, e.g., Molski v. Foster Freeze Paso Robles*, No. 07-56071, 2008 WL 467751, at *1 (9th Cir. Feb. 20, 2008) (holding that where a court declines to *retain* supplemental jurisdiction over state law claims, it nonetheless has jurisdiction to consider a claim for attorneys' fees because "it had jurisdiction over those causes of action at the outset of the case").

[7]*See Gentemann v. Nana Dev. Corp.*, No. 3:08-cv-221-JWS, 2009 WL 2486040, at * 2 (denying a request for attorneys' fees after state law claims had been dismissed for lack of subject matter jurisdiction based on the reasoning that substantive state law was not applied in the decision and distinguishing *Kona* on that basis).

[8]320 F.3d 986, 988 (9th Cir. 2003).

recovered under 28 U.S.C. § 1919, Plaintiff has not made a request under such provision, and the court is not persuaded that costs should be awarded.

### IV. CONCLUSION

Based on the preceding discussion, Plaintiff's motion at Docket 32 for attorneys' fees and expenses is DENIED.

DATED this 12th day of April 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE